. Smith, J.
This ease comes before me on a motion to dissolve the temporary restraining order heretofore issued.
The plaintiff is the owner of a lot on the southeast corner of Water and Plum streets in the city of Cincinnati, fronting one hundred feet on Water street and about four hundred and fifty feet on Plum, running back southwardly on parallel lines to low water mark on the Ohio rive?. The defendant is the owner of a lot immediately adjoining the aforesaid lot on the east, fronting sixty-six feet on Water street and running back southwardly in parallel lines about four hundred and fifty feet to low water mark on the Ohio river. The plaintiff is also the owner of the property immediately east of the lot of the defendant, fronting over two hundred feet on Water street and running back southwardly in parallel lines about four hundred and fifty feet to low water mark on the Ohio river, and bounded on the east by Elm street.
The lot owned by the defendant was purchased from the executor of the estate of one Regan, and in the discussion o£ the motion has been called the Regan lot.
The defendant company is the lessee of the Cincinnati Southern Railway for a term expiring in 1966. By the terms of its lease the Board of Trustees of the Cincinnati Southern Railroad' are obliged to furnish certain terminals for the lessee, and in pursuance of this obligation are now condemning the land on the. north side of Water street opposite the lots owned by plaintiff and defendant, although the condemnation proceedings are not yet completed.
Water street is a public strefet of the city of Cincinnati, and the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company occupies the middle of the street with a single railroad track known as the Cincinnati connection track, over which it operates engines and cars in great numbers to connect with Other railroad tracks in the city of Cincinnati.
*111 In the month of February, 1903, defendant obtained from the Board of Public Service of Cincinnati the right to construct, maintain and operate a single track railroad across Water street from said sixty-six foot lot to land opposite and on the north side of Water street-now in process of appropriation by the Board of Trustees of the Cincinnati Southern Railway for the use of the defendant as lessee as aforesaid.
The defendant has constructed on its sixty-six foot lot on the south side of Water street a railroad track for the use of its engines and ears, intending in time, after the appropriation proceedings with respect to the property on the north side of Water street have been completed, to extend its tracks to said property by crossing Water street under the grant made to it as aforesaid by the board of public service.
The plaintiff filed its petition in this court alleging that the defendant company, having constructed its track on the Regan lot, as has been stated, “is about to extend said track across the sidewalk in front of the said lot owned by it and out into the street, connecting the same with, the said connection track in the centre of said Water street, and in front of and near to the property of the plaintiff above set forth.”
Thereupon plaintiff procured from this court an order temporarily restraining the defendant from crossing Water street until the further order of the court.
The defendant has filed its answer admitting that it intends to extend its track across Water street, but denies that it intends to connect said track.with the connection- track in front of any property of plaintiff; that the only track which it intends or has ever threatened to construct is one that will be wholly within the lines of its said lot sixty-six feet produced northwardly to the north side of Water street, and that it has no intention nor has it ever threatened to place said track in any part of Water street either east or west, of said lot lines produced as aforesaid.
In reply plaintiff alleges that the construction of the track across Water street will interfere with its access and business, and alleges as a further ground for relief that the connection as contemplated between the property owned in fee on the south *112 side of Water street by plaintiff with the property on the north side of said street held by it under lease from the Board of Trustees of the Cincinnati Southern Railway would be a violation of Article VIII, Section 6 of the Constitution of Ohio.
As the lot owned by plaintiff on the west side of the Regan lot is given an outlet along Water street to Plum street and the lot owned by plaintiff on the east of the Regan lot is given an outlet along Water street to Elm street, the construction of the contemplated track by defendant company does not leave any of the property of plaintiff in a Mil de sac, and we need not inquire what its rights would be in such a case. The mere .delay in travel caused by crossing the track in getting to plaintiff’s property is one suffered by plaintiff in common with the public, and although it may suffer in a greater degree than the general public, yet its injury is similar in kind to that suffered by the general public, and is therefore damnum absque injuria. This principle is now firmly established in this state. The Robert Mitchell Furniture Co. v. C., C., C. & St. L. R. R. Co. et al, 7 N. P., 639; affirmed by the Supreme Court, 65 O. S., 571.
As to the injury to the access to plaintiff by the construction of the contemplated track by the defendant across Water street. It does not appear in evidence at what point on the north side of Water street the track which the defendant contemplates constructing will cross. The defendant itself, a® I understand it, has not finally determined this point. It merely alleges in its answer that it will be at some point on the north side of Water street within the lot lines of the Regan lot produced.
The defendant urges that it is immaterial where it crosses the north line of Water street so long as it is within the lines of the Regan lot produced, for the reason that an abutting owner has a property interest in that part of the street only which is embraced within his lot lines produced; and therefore whatever interference with an owner’s access arises from an obstruction in any other part of the street is not a taking of property in the constitutional sense of that word. I know of no decision in this state upon this precise question; and I *113 do not care to express an opinion upon it until the necessities of the ease require it. Such necessity has not yet arisen for the reason, as I have stated, that it does not yet appear just where the track will cross the north line of Water street; nor is there any evidence offered by plaintiff, if such evidence can be offered, showing in what way the track will interfere with its access if the track comes close to the east line of its west lot produced, or the west line of its east lot produced.
As illustrating the difficulty in declaring a rule as broadly as defendant contends, suppose a lot, say six feet only in width and incapable of access by vehicles without the use of a part of the street opposite adjoining property, would the construction of tracks in the street opposite such adjoining property, which did as a matter of fact injure the access to the six foot lot, nevertheless be not a legal injury to the access'?
I suggest the question, not as indicating an expression of opinion either way upon it, but only as showing that the contention of defendants presents difficult questions that are not to be lightly brushed aside by a court. Herzog v. P., C., C. & St. L. Ry. Co., Circuit Court, January 14, 1904, The Court Index..
It is also contended by plaintiff, if I have properly understood the contention, that in addition to the interference with the access to its property and the consequent infringement of its property rights, which are protected by'the provision in the Constitution of Ohio, that before property can be taken for public use compensation shall first be made in money in acanee with Article I, Section 19, the plaintiff will suffer other cordanee with Article' I, Section 19, the plaintiff will suffer other damage not covered by the constitutional provision and not suffered in common by the public: as, for instance, damage from noise, smoke, vapor, fire, sparks, etc.; that injuries from these causes are made a violation of the rights of plaintiff by Section 3283 and that plaintiff is entitled to an injunction against the laying of tracks until it has been compensated for these injuries by the defendant.
In the ease of Mitchell v. C., C., C. & St. L. R. R. Co., 7 N. P.. 639. I said:
*114 ‘ ‘ The rule in Ohio has been settled since the decision in Parrott v. C., H. & D. R. R. Co., 10 O. S., 625, ‘that a railroad authorized by law and lawfully operated can not be deemed a private nuisance.’
“In the ease at bar the tráete of the railroad company are in the street by authority of law and there is no evidence to show that they are not to be lawfully operated. They can not be held therefore to constitute a private nuisance, and the Pruden and Branahan cases are not in point.
“It is true that since the decision in the Parrot case Section 3283 gives a remedy to abutting owners of property or those ‘near to’ the improvement for consequential injuries suffered by reason of the improvement, but such damages are those which but for the statute could not be recovered and are not therefore intended as a compensation for property taken as the term is used in the Constitution. A person who suffers such damages is therefore not entitled to an injunction to prevent the laying of the tracks, there being no question as to the solvency of the railroad company.”
So far as the above statement declares that Section 3283 relates only to those injuries which are not covered by the constitutional provision and excludes those that are, I seriously question whether it is correct. The language of the section seems broad enough to cover injuries from any source. The statement, however, was obiter, and may be properly reviewed when the question arises in some future ease. I express no opinion upon it at this time.
In the present ease I have held that it is not possible to determine at the present time whether there will be any appropriation of the property rights of the plaintiff which are protected by the Constitution.
Whether for injuries not protected by the Constitution but for which both the right to recover and the remedy are created by Section 3283, the party complaining is ever entitled to an injunction, but must always seek his remedy in an action at law for damages is- a question upon which it is not necessary in this case to express an opinion. But in a case such as the one at bar, where it is not shown that an action for damages would not furnish an adequate remedy, it seems to me quite clear that the complaining party is not entitled to an injunction.
*115 It has been suggested by plaintiff since the argument of the case that inasmuch as the contemplated track inconveniences him in passing from one lot to the other, which is different from the inconvenience suffered by the public at large, that there is an interference with his access on the authority of Hatch v. C. & I. R. R., 18 O. S., 92. As this question was not argued before me, I prefer not to express any opinion upon it.
It is also urged by plaintiff that inasmuch as’ the defendant will occupy the land on- the north side of Water street as lessee from the Board of Trustees of the Cincinnati Southern Railway, which board represents the city of Cincinnati, the owner of the road, and the lessee company owns the Regan lot on the south side of Water street in 'fee, that the construction of a connecting track between them and the operation of such track in 'the business of the defendant is a violation of Article VIII, Section 6 of the Constitution of Ohio, which declares that—
‘ ‘ The General Assembly shall never authorze any county, city, town or township, by vote of its citizens or otherwise, to become a stockholder in any joint stock company, corporation or association whatever; or to raise money for, or loan its credit to, or in aid of any such company, corporation or association.” Taylor v. Commissioners, 23 O. S., 22; Wyscaver v. Atkinson, 37 O. S, 80.
The decisions in Walker v. Cincinnati, 21 O. S., 14; Cincinnati v. Taft, 63 O. S., 141; Cincinnati v. Ferguson, 12 O. D., 439; affirmed in 66 O. S., 658, dispose of this contention.
The effect of these decisions is that the city of Cincinnati has lawfully constructed and is the lawful owner and lessor of the Cincinnati Southern Railroad and that it is now too late to question its ownership or the validity of its- act as owner.
The operation of the road by a lessee company in connection with other lines which it may own or control is in no sense a combination of the city with such other lines. The city derives no profit and incurs no liability from such connection. It occupies the position of lessor towards the lessee who occupies and operates its road. Its interest in such operation is confined to the rental and other obligations which the lease imposes; and the lessee company for the reason that its lessor *116 is the city of Cincinnati is in no wise limited as to the character of business it may carry on in the operation of the leased line, or in the connections it may make with other roads. ■
One of the main purposes to be sought in making the present lease was the connection of the road with other lines of railway, thus bringing the city into a wider and more intimate connection with other parts of the country.
The defendant asserts the right to cross Water street with its tracks, and to operate its cars thereon by virtue of a resolution passed by the Board of Public Service of Cincinnati, which is the successor of the Board of Public Works of the same city; the act of April 18, 1878 (75 ¥., 115), Section 8324 (Smith & Benedict), Section 5 declaring that—
“The trustees of said railway shall not use or occupy any street, alley or other public way, space or ground or any part thereof belonging to said city unless they make application in writing and 'receive the consent thereto of the board of public works of said city; provided that they shall have the right to use the streets and public grounds now occupied by said railway.”
The application to cross Water street was not made by the Trustees of the Southern Railroad, and the grant to occupy it was not made to them, but to the defendant company. As the act of April 18, 1878, supra-, applies only to the Trustees of the Southern Railroad, it necessarily follows that the grant to the defendant company can not be sustained by that act; and as no other provision of the statute has been pointed out which confers upon the board of public service the right to grant to steam railroads the right to occupy the streets, the grant to the defendant company necessarily is invalid.
It is urged, however, by the defendant that if the defendant is unlawfully in the street, it creates thereby a public nuisance, and the only remedy is by indictment or an action by the city to enjoin it.
But the law is well settled that “a public nuisance may be enjoined by one who is specially damaged thereby” (Elliott on Railroads, 1650; Branahan v. Hotel Co., 39 O. S., 333) ; and it is quite clear to me that a property owner who is in close prox *117 imity to a railroad unlawfully operating in a street suffers a damage different in kind and not merely different in degree from that suffered by the community at large, and therefore suffers, within the meaning of the rule, a special damage and is entitled to injunctive relief to prevent the same.
Ellis G. Einhead and Challen B. Ellis, for plaintiff.
Edward Colston, for defendant.
The motion to dissolve the temporary restraining order heretofore issued will be overruled with leave to the defendant to renew its application, for a dissolution of the same when it has secured a grant from the proper authorities of the city to cross Water street and when it has determined' the points at which it intends to make such crossing.